IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN A. DUNN,

      Plaintiff,                         No. CIV S-07-0210 FCD EFB P

    vs.

J. ZUBER, et al.,

      Defendants.               ORDER

_____/

      Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Defendants removed this action from state court, *see* 28 U.S.C. § 1441(b), and it was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. To proceed, plaintiff must file an amended complaint.

      Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

1

subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

Plaintiff alleges the following: (1) when plaintiff refused to do a favor for defendant Y. Fields, a female guard, as part of their "improper relationship," defendant Fields openly called plaintiff a coward and a snitch such that other prisoners in the housing unit could hear, and made unspecified threats to plaintiff; (2) defendant Munos overheard plaintiff and Fields arguing and heard Fields call plaintiff a snitch, yet failed to prevent Fields from engaging in unspecified misconduct toward plaintiff; (3) defendant James Flint took no action on plaintiff's behalf when plaintiff told him about Fields' threats and having called plaintiff a coward and snitch; (4) in response to plaintiff's grievance about defendant Fields, defendants J. S. Zuber and Brian Holmes intentionally falsified investigation reports; (5) J. D. Brown filed a disciplinary charge against plaintiff for "unlawful influence" after plaintiff told him about receiving contraband from Fields, but failed to take any action against Fields; (6) Brian Holmes conducted a disciplinary hearing without giving plaintiff an investigative officer, and was biased against plaintiff; (7) defendant Hammans did not disclose to Zuber and Holmes facts about plaintiff's improper relationship with Fields which showed Fields to be at fault; (8) defendant Kernan knows of his subordinates' misconduct and failed to take any remedial measures because of a code of silence has not taken any remedial measures. Plaintiff claims that these allegations are sufficient to state a claim that these defendants violated his rights under the First, Eighth and Fourteenth Amendments.

Section 1983 creates a cause of action against any person who, under color of state law, deprives a citizen or person within the jurisdiction of the United Sates of a constitutional right. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To state a claim that the conditions of imprisonment violate the Eighth Amendment prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-

03 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Verbal harassment alone is insufficient to state a claim under the Eighth Amendment. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987); *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (ethnic slurs alone not cognizable under 42 U.S.C. 1983); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir.1987) (threatening language because a prisoner exercises his right of access to court does not amount to a constitutional violation). Rather, plaintiff must allege he suffers, or is in immediate danger of suffering, a harm or injury sufficiently serious to violate the Eighth Amendment. *See*, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's allegations about the grievance process and the appeals process implicate the Due Process Clause of the Fourteenth Amendment. To state a claim for the deprivation of procedural due process, plaintiff must allege a defendant deprived him of a liberty interest, which may arise independently under the due process clause or as freedom from state deprivation or restraint imposing "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). Prisoners have no federally recognized "legitimate claim of entitlement to a [prison] grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988).

With respect to the First Amendment, it appears that plaintiff is trying to make out a claim of retaliation. To state such a claim, plaintiff must allege that on a specified date an individual state actor took adverse action against plaintiff for his engagement in a constitutionally protected activity and that the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985).

////

1    Plaintiff's allegations fail to state a claim under any of these theories.

2    The court (and defendant) should be able to read and understand plaintiff's pleading
3    within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many
4    defendants with unexplained, tenuous or implausible connection to the alleged constitutional
5    injury or joining a series of unrelated claims against many defendants very likely will result in
6    delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action
7    pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

8    An amended complaint must be complete in itself without reference to any prior
9    pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff
10   files an amended complaint, the original pleading is superseded.

11   Plaintiff is admonished that by signing an amended complaint he certifies he has made
12   reasonable inquiry and has evidentiary support for his allegations and that for violation of this
13   rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R.
14   Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may
15   be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal.
16   Admin. Code § 3005.

17   A prisoner may bring no § 1983 action until he has exhausted such administrative
18   remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*
19   *v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an
20   amended complaint he certifies his claims are warranted by existing law, including the law that
21   he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of
22   his action.

23   Accordingly, the court hereby orders that the complaint is dismissed with leave to amend
24   within 30 days. Plaintiff shall file an original and one copy of the amended complaint, which
25   must bear the docket number assigned to this case and be titled "First Amended Complaint."
26   ////

Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: November 27, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE